IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
SPACENET, INC.,              )
                             )
      Plaintiff,             )
                             )
         v.                  )     1:05cv1231 (JCC)
                             )
AMERICAN AGRICULTURAL        )
COMMUNICATION                )
SYSTEMS, INC. et al.,        )
                             )
      Defendants.            )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on the joint Motion to Dismiss filed by Defendants American Farm Bureau, Inc. and American Farm Bureau Federation.  For the reasons stated below, the Court will grant Defendants' Motion and grant Plaintiff leave to amend the Complaint.

### I. Background

Plaintiff, Spacenet, Inc. ("Spacenet"), provides satellite-based telecommunications equipment, software, and services.  Defendants, American Agricultural Communications Systems, Inc. ("AACS"), American Farm Bureau, Inc. ("AFBI"), and American Farm Bureau Federation ("AFBF"), provide communication services to farmers, ranchers, and other small rural businesses. AACS is a wholly-owned subsidiary of AFBI, and AFBI is a wholly-owned subsidiary of AFBF.

Plaintiff alleges that AACS, AFBI, and AFBF share corporate officers, a registered agent, employees, and offices. Plaintiff further alleges that they commingle their assets and business affairs as evidenced by the payment of AACS debts by AFBI.

In or around April of 2002, Plaintiff and Defendants allegedly negotiated the Connexstar Authorized Wholesaler Agreement ("Agreement").  AACS was the only defendant to sign the Agreement.  The Agreement allegedly bound Defendants, *inter alia*, to procure a minimum number of customer installation orders by certain, specified dates.  Plaintiff alleges that Defendants have failed to do so.

Plaintiff filed a Complaint on October 24, 2005.  It asserts one count of breach of contract against all three Defendants.  On November 10, 2005, Defendants AFBI and AFBF filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)

(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

Defendants AFBI and AFBF seek a dismissal with prejudice on the grounds that neither Defendant was a party to or a signatory of the contract upon which Spacenet bases its sole count of breach of contract. Moreover, AFBI and AFBF claim that Spacenet has failed to properly allege that this Court should pierce the corporate veil and hold AFBI and AFBF responsible for using AACS as a device or sham to disguise wrongs, obscure fraud, or conceal crimes.

To establish a case for piercing the corporate veil, a plaintiff must prove two elements: (1) "the corporate entity was the alter ego, alias, stooge, or dummy of the individuals sought to be charged personally" and (2) "the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal

-3-

crime." *Perpetual Real Estate Servs., Inc. v. Michaelson Props. Inc.*, 974 F.2d 545, 548 (4th Cir. 1992) (quoting *Cheatle v. Rudd's Swimming Pool Supply Co.*, 360 S.E.2d 828, 831 (Va. 1987)). AFBI and AFBF concede for the purposes of this Motion that Plaintiff's allegations satisfy the first element regarding undue dominion or control.  Therefore, the balance of the analysis concerns whether Plaintiff has alleged, to the degree necessary to survive a motion to dismiss, that AACS was a device or sham used by AFBI and AFBF to disguise wrongs, obscure fraud, or conceal crime.

Plaintiff argues that its assertion that AACS is undercapitalized is sufficient to withstand the Motion to Dismiss.  Undercapitalization, Plaintiff submits, is a factor for establishing the second element of piercing the corporate veil just as much as it helps to establish the first element. Undercapitalization and non-payment of dividends, siphoning of funds by the parent, and the absence of corporate records are all useful for classifying AACS as a sham corporation.  However, Plaintiff's emphasis on establishing that AACS is a sham does not fully satisfy the second element for piercing a corporate veil. The second element requires a showing that AACS was a sham used by AFBI and AFBF to disguise wrongs, obscure fraud, or conceal crimes.  Thus, it is mandatory that Plaintiff allege a wrong, fraud, or crime.

-4-

Because "Virginia law requires proof of some legal wrong before it undermines th[e] basic assumption of corporate existence," piercing a corporate veil is inappropriate in the absence of fraud or wrongdoing. *Id.* at 549. Furthermore, this rationale is bolstered in contract cases where "[a]bsent some evidence of misrepresentation, courts should not rewrite or disturb the risk the parties have themselves established." *Id.* at 550 (internal citations omitted). Therefore, the standard of proof for piercing the corporate veil is always high, but in contract cases it is even higher.

In its opposition to the present Motion, Plaintiff offers but one line on the wrong, fraud, or crime portion of the second element. By contracting with parties while undercapitalized, Plaintiff alleges that AACS was a sham used to disguise the wrong of allowing AFBI and AFBF to reap substantial benefits from the contracts entered into by AACS but shielding themselves from liability. This allegation does not satisfy Virginia's requirement of a legal wrong, much less the misrepresentation requirement for contract cases. In its papers and in oral argument, Plaintiff is unable to even purport the necessary allegations to keep AFBI and AFBF as parties in the matter. However, should Plaintiff be able to allege a misrepresentation now that it is aware that misrepresentation is

a requirement for piercing the corporate veil in this circumstance, Plaintiff may amend its Complaint appropriately.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendants' Joint Motion to Dismiss and allow Plaintiff leave to amend its Complaint.  An appropriate Order will issue.

December 8 , 2005                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE